**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2010 JUN -1  PM 12: 41

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
          DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL No. |
| | § | |
| Plaintiff, | § | **I N D I C T M E N T** |
| | § | |
| v. | § | [Violation:  18 U.S.C. § 513(a) & (b) - |
| | § | Making, uttering, or possessing |
| ROSHAY L. HOCKER, (1) | § | counterfeit checks; and possession of |
| LINDSEY FAGLIE, (2) | § | counterfeit implements; 18 U.S.C. § |
| EMILY GARNER,  (3) | § | 1344 - Bank Fraud; 18 U.S.C. §493 - |
| and | § | Counterfeiting obligations, instruments |
| VICTORIA REDMAYNE, (4) | § | or writings; 18 U.S.C. § 371 - |
| | § | Conspiracy; 18 U.S.C. § 2 - Aiding and |
| Defendants. | § | Abetting]. |

THE GRAND JURY CHARGES:

A10 CR 347 LY

**INTRODUCTION**

At times material to this Indictment:

**The Scheme**

1.   ROSHAY LAVOY HOCKER, hereafter HOCKER, aided and abetted by others, developed a scheme to make counterfeit checks and to have these counterfeit checks passed at various locations within the Western District of Texas.

2.   HOCKER utilized his home computer equipment to produce counterfeit checks.  The counterfeit checks contained a common authorization telephone number, 1-877-255-1534, which assisted HOCKER, and those working with him, to control telephone contacts from merchants seeking to confirm the validity of the checks.

3.   HOCKER used the internet as one means to make contact with people he could recruit to carry out his scheme.  His normal modus operandi was to target young adults to recruit as accomplices, usually women, and then promise financial inducements to get his accomplices to pass

the checks. One of the web sites utilized by HOCKER, SugarDaddyForMe.com, was a site oriented toward connecting young women who were looking for financial support to men with financial resources. By using this site as one of his means to locate accomplices, HOCKER ensured he connected with those women who desired financial help. HOCKER would then offer payment for the accomplices to pass the checks and he would sometimes utilize his blue Lincoln Aviator to drive his accomplices to the locations where he directed them to pass the counterfeit checks.

4. It was part of HOCKER's scheme to minimize the risk to himself of being caught in possession of the counterfeit checks. By using accomplices to pass the majority of the counterfeit checks, HOCKER ensured that the accomplice's face and identification card would be known to the clerk cashing the check as opposed to the face and identification card of HOCKER. HOCKER would often remain in his car while his accomplice passed the counterfeit check which allowed him to quickly leave the scene should the clerk detain the accomplice and call the police because the check was bad. In an attempt to further disguise his involvement in the offense and to compromise the ability of law enforcement to determine where to find HOCKER and his counterfeit check manufacturing operation, HOCKER used a false name to lease the residence where he manufactured the counterfeit check. He also used various names when identifying himself to his accomplices which made it more difficult for accomplices to identify HOCKER should they be arrested and give a statement to the police. HOCKER sought to discourage accomplices from cooperating with law enforcement by indicating he had "inside people" who gave him access to any statements they made to law enforcement and that he had ties to the Mexican Mafia.

2

5.    **Roles of the Defendants**

**Roshay L. Hocker**

ROSHAY L. HOCKER, also known as "Sean," "Shea," or "Shay," was an organizer and leader of a counterfeit check operation which operated within the Western District of Texas. HOCKER recruited accomplices, including LINDSEY FAGLIE, EMILY GARNER, VICTORIA REDMAYNE, "Justin R.," "Ct. A.," "Ch. A.," and others.  HOCKER manufactured counterfeit checks, provided them to accomplices, directed accomplices where to cash the checks, often drove them to the location, and kept the majority of the proceeds for himself.

**Lindsey Faglie**

LINDSEY FAGLIE assisted HOCKER by cashing the counterfeit checks at multiple locations within the Western District of Texas.

**Emily Garner**

EMILY GARNER assisted HOCKER by cashing the counterfeit checks at multiple locations within the Western District of Texas.

**Victoria Redmayne**

Victoria Redmayne assisted HOCKER by cashing the counterfeit checks at multiple locations within the Western District of Texas.

**Relevant Entities**

6.    The Federal Deposit Insurance Corporation ("FDIC") was an agency of the United States established to protect depositors by insuring accounts in member financial institutions.

7.    Regions Bank N. A. was a financial institution, the deposits of which were insured by the FDIC.

8.    HSBC Trust Company (Delaware), N.A. was a financial institution, the deposits of which were insured by the FDIC.

9.    Wells Fargo Bank was a financial institution, the deposits of which were insured by the FDIC.

10.    Frost Bank was a financial institution, the deposits of which were insured by the FDIC.

11.    First American Bank of Texas was a financial institution, the deposits of which were insured by the FDIC.

12.    Bank of America was a financial institution, the deposits of which were insured by the FDIC.

13.    CITI Bank was a financial institution, the deposits of which were insured by the FDIC.

14.    USAA Federal Savings Bank was a financial institution, the deposits of which were insured by the FDIC.

15.    Comerica bank was a financial institution, the deposits of which were insured by the FDIC.

16.    Wachovia Bank, N.A. was a financial institution, the deposits of which were insured by the FDIC.

17.    Bank One was a financial institution, the deposits of which were insured by the FDIC.

**COUNT ONE**
**[18 U.S.C. § 371]**

The Grand Jury realleges and incorporates the Introduction and Scheme of this Indictment as if fully set forth herein.

From in or about 2009, the exact date of which is unknown to the grand jury, and continuing until on or about May 7, 2010, in the Western District of Texas, and elsewhere, the Defendants,

ROSHAY L. HOCKER,
LINDSEY FAGLIE,
EMILY GARNER,
and
VICTORIA REDMAYNE,

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown:

    (a)    to knowingly execute a scheme or artifice--

            1.    to defraud a financial institution; or
            2.    to obtain money, funds, credits, assets, or other property owned by or under the custody or control of a financial institution, by means of false and fraudulent pretenses, representations or promises; in violation of Title 18, United States Code, Section 1344.

    (b)    to make, utter or possess counterfeit and forged securities of a State or a political subdivision thereof or an organization with intent to deceive other persons and organizations; in violation of Title 18, United States Code, Section 513(a).

**OVERT ACTS**

In furtherance of the conspiracy and in order to effect the objects thereof, the Defendants and their co-conspirators, known and unknown to the Grand Jury, committed and caused to be committed one or more of the following overt acts, among many others, in the Western District of Texas and elsewhere:

5

1.   In or about 2008, "Ch. A." met HOCKER.  HOCKER later invited "Ch.A." into his Chrysler 300 which contained stacks of money.

2.   In or about February, 2009, HOCKER told "Ch. A." that he could help her out financially. HOCKER provided "Ch. A." with counterfeit checks to pass as further alleged in Counts Twenty-One and Twenty-Two of this Indictment.

3.   In or about September, 2009, HOCKER, began an online communication with VICTORIA REDMAYNE (hereafter REDMAYNE).  HOCKER indicated to REDMAYNE that he had his own business.

4.   In or about December, 2009, HOCKER offered to provide REDMAYNE with money. HOCKER indicated that he could provide business checks to REDMAYNE in her name which she could cash at a store and she could keep some of the proceeds.

5.   On or about December 30, 2009, REDMAYNE possessed and passed a counterfeit check provided to her by HOCKER in the amount of $859.65, as alleged in Count Four of the Indictment.  HOCKER kept the majority of the proceeds.

6. On or about January 4, 2010, REDMAYNE possessed and passed a counterfeit check provided to her by HOCKER in the amount of $958.00, as alleged in Count Seven of this Indictment. HOCKER kept the majority of the proceeds.

7.   On or about January 5, 2010, EMILY GARNER (hereafter GARNER) possessed and passed a counterfeit check provided to her by HOCKER in the amount of $859.56, as alleged in Count Nine of this Indictment.

8. On or about January 9, 2010, GARNER and REDMAYNE accompanied each other to pass counterfeit checks provided to them by HOCKER.  REDMAYNE passed a counterfeit check

in the amount of $1,325.50, as alleged in Count Thirteen of this Indictment and GARNER passed a counterfeit check in the amount of $1,189.59, as alleged in Count Fourteen of this Indictment.

9.   On or about January 11, 2010, REDMAYNE possessed and attempted to pass a counterfeit check provided by HOCKER in the amount of $3,568.00, as alleged in Count Fifteen of this Indictment.

10.   On or about January 11, 2010, REDMAYNE called HOCKER after being arrested for attempting to pass a counterfeit check.  HOCKER informed REDMAYNE that he knew about the statement she provided to the police and read to her a verbatim copy of the statement she had provided to law enforcement.  HOCKER informed REDMAYNE that "they" had inside people at all the facilities.

11.   On or about January 22, 2010, FAGLIE possessed and attempted to pass a counterfeit check provided to her by HOCKER in the amount of $1,997.00 as further alleged in Count Sixteen of this Indictment.  A co-conspirator answered the 1-877-255-1534 number printed on the check and informed the store clerk that it was a valid check.

12.   On or about January 30, 2010, FAGLIE possessed and attempted to pass a counterfeit check provided by HOCKER in the amount of $3,400.00, as alleged in Count Eighteen of this Indictment.

13.   On or about January, 30, 2010, FAGLIE, possessed and attempted to pass a counterfeit check in the amount of $1,500.00 provided to her by HOCKER, as alleged in Count Nineteen of the Indictment.  A co-conspirator answered the 1-877-255-1534 number printed on the check and informed the store clerk that it was a valid check.

7

14. In or about February, 2010, HOCKER informed REDMAYNE that if she snitched that the Mexican Mafia would end up coming after her and that they would take care of her.

15. In or about February, 2010, "Ct. A" and HOCKER met on SugarDaddyForMe.com. After meeting in person, HOCKER provided "Ct. A" with counterfeit checks to pass which purported to be from a Dell Inc. account with Bank One. HOCKER took most of the proceeds of these counterfeit checks.

16. On or about March 5, 2010, HOCKER provided "Ct. A" with a personal check from HOCKER to cash at her bank, Bank of America, in the amount of $1,000.00, as further alleged in Count Twenty-Three of this Indictment. HOCKER kept the $1,000.00, promising "Ct. A" to provide her with money after she kept working. HOCKER falsely represented that the check was worth $1,000.00 when in fact the check was from a closed bank account that did not have sufficient funds to cover the check.

17. On or about April 27, 2010, HOCKER possessed counterfeit checks and implements used to produce counterfeit currency as further alleged in Counts Twenty-Four through Twenty-Six of this Indictment.

18. On or about May 7, 2010, HOCKER possessed counterfeit checks, check stock paper and computer equipment he utilized to manufacture counterfeit checks.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO through TWENTY
### (18 U.S.C. §§ 513(a) and 2)

The Grand Jury realleges and incorporates the Introduction and Scheme of this Indictment as if fully set forth herein.

On or about the following dates, in the Western District of Texas, the named defendants, aided and abetted by each other and by others known and unknown, did make, utter or possess a forged or counterfeit security of an organization, and said organization operates in or the activities of which affect interstate commerce, with intent to deceive another person or organization.

| Count | Date | Defendant(s) | Security |
|---|---|---|---|
| Two | 12/09/09 | LINDSEY FAGLIE ROSHAY L. HOCKER | Check #523581, in the amount of $563.94, which was purportedly issued from a University of Texas payroll account with a telephone number of 1-877-255-1534, with the issuing bank listed as Wells Fargo Bank. |
| Three | 12/12/09 | LINDSEY FAGLIE ROSHAY L. HOCKER | Check #523600, in the amount of $679.00, which was purportedly issued from a University of Texas payroll account with a telephone number of 1-877-255-1534, with the issuing bank listed as Wells Fargo Bank. |
| Four | 12/30/09 | VICTORIA REDMAYNE ROSHAY L. HOCKER | Check #52385, in the amount of $859.65, with Regions Bank N.A. listed as the issuing bank, purporting to be from the payroll account of the University of Texas, with telephone number 1-877-255-1534 printed on the check. |

| Five | 12/30/09 | EMILY GARNER<br>ROSHAY L. HOCKER | Check #52386, in the amount of $903.89, with Regions Bank N.A. listed as the issuing bank, purporting to be from the payroll account of the University of Texas, with telephone number 1-877-255-1534 printed on the check. |
|------|----------|-----------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Six | 1/04/2010 | LINDSEY FAGLIE<br>ROSHAY L. HOCKER | Check #52390, in the amount of $998.54, with Regions Bank N.A. listed as the issuing bank, which was purportedly issued from a University of Texas payroll account with a telephone authorization number of 1-877-255-1534. |
| Seven | 1/04/2010 | VICTORIA REDMAYNE<br>ROSHAY L. HOCKER | Check #98986, in the amount of $958.00, with Wells Fargo Bank N.A. listed as the issuing bank with a telephone number of 1-877-255-1534, purporting to be from the payroll account of DELL COMPUTER INC. |
| Eight | 1/05/2010 | VICTORIA REDMAYNE<br>ROSHAY L. HOCKER | Check #52400, in the amount of $958.00, with Regions Bank N.A. listed as the issuing bank, purporting to be from the payroll account of DELL COMPUTER INC. |
| Nine | 1/05/2010 | EMILY GARNER<br>ROSHAY L. HOCKER | Check # 98991, in the amount of $859.56, with Wells Fargo Bank, N.A. listed as the issuing bank, with a telephone authorization number of 1-877-255-1534 printed on the check, purporting to be from the payroll account of DELL COMPUTER INC. |
| Ten | 1/05/2010 | EMILY GARNER<br>ROSHAY L. HOCKER | Check #52398, in the amount of $1,250.45, with Regions Bank N.A. listed as the issuing bank, purporting to be from the payroll account of the University of Texas, with telephone number *1-877-255-1534 printed on the check.* |

| Eleven | 1/06/2010 | VICTORIA REDMAYNE ROSHAY L. HOCKER | Check #98992, in the amount of $958.00, with Wells Fargo Bank N.A. listed as the issuing bank with a telephone number of 1-877-255-1534, purporting to be from the payroll account of DELL COMPUTER INC. |
| --- | --- | --- | --- |
| Twelve | 1/06/2010 | EMILY GARNER ROSHAY L. HOCKER | Check #98993, in the amount of $859.56, with Wells Fargo Bank, N.A. listed as the issuing bank, with a telephone authorization number of 1-877-255-1534, printed on the check, purporting to be from the payroll account of DELL COMPUTER INC. |
| Thirteen | 1/09/2010 | VICTORIA REDMAYNE ROSHAY L. HOCKER | Check #4901, in the amount of $1,325.50, which was purportedly issued from a University of Texas payroll account with Regions Bank N.A., with a telephone authorization number of 1-877-255-1534. |
| Fourteen | 1/09/2010 | EMILY GARNER ROSHAY L. HOCKER | Check #4902, in the amount of $1,189.59, which was purportedly issued from a University of Texas payroll account with Regions Bank N.A., with a telephone authorization number of 1-877-255-1534. |
| Fifteen | 1/11/2010 | VICTORIA REDMAYNE ROSHAY L. HOCKER | Check #1519, in the amount of $3,568.00, which listed Regions Bank N.A. as the issuing bank, with State Farm Insurance listed as the account holder, with telephone number 1-877-255-1534 printed on the check. |
| Sixteen | 1/22/2010 | LINDSEY FAGLIE ROSHAY L. HOCKER | Check # 4915, in the amount of $1,997.00, listing Regions Bank N.A. as the issuing bank, purporting to be from Jackson Hewitt Tax Service, with telephone number 1-877-255-1534 printed on the check. |

| Seventeen | 1/22/2010 | LINDSEY FAGLIE ROSHAY L. HOCKER | Check # 4914, in the amount of $3,559.00, listing Regions Bank N.A. as the issuing bank, purporting to be from Jackson Hewitt Tax Service, with telephone number 1-877-255-1534 printed on the check. |
| --- | --- | --- | --- |
| Eighteen | 1/30/2010 | LINDSEY FAGLIE ROSHAY L. HOCKER | Check # 58983, in the amount of $3,400.00, purportedly issued by HSBC Trust Company (Delaware), N.A., with a check verification number of 1-877-255-1534 printed on the check. |
| Nineteen | 1/30/2010 | LINDSEY FAGLIE ROSHAY L. HOCKER | Check # 58984 in the amount of $1,500.00, listing HSBC Trust Company (Delaware), N.A. as the issuing bank, with a telephone verification number of 1-877-255-1534 printed on the check. |
| Twenty | 2/01/2010 | LINDSEY FAGLIE ROSHAY L. HOCKER | Check # 4916, in the amount of $1,997.00, listing Regions Bank N.A. as the issuing bank, purporting to be from Jackson Hewitt Tax Service, with telephone number 1-877-255-1534 printed on the check. |

All in violation of 18 United States Code, Sections 513(a) and 2.

## COUNTS TWENTY-ONE through TWENTY-THREE
## (18 U.S.C. §§ 1344 and 2)

The Grand Jury realleges and incorporates the Introduction and Scheme of this Indictment as if fully set forth herein.

On or about the following dates, in the Western District of Texas, and elsewhere, the Defendant,

### ROSHAY L. HOCKER,

aided and abetted by others known and unknown, did knowingly execute a scheme or artifice:

(a)    to defraud the following financial institutions; or

(b)    to obtain money, funds, credits, assets, securities or other property owned by or under the custody or control of a financial institution, by means of false and fraudulent pretenses, representations or promises;

| Count | Date | Financial Institution | False Pretense or Representation in Execution of the Scheme |
|---|---|---|---|
| 21 | 2/17/2009 | Comerica Bank | Check #2778, in the amount of $853.65, falsely representing that it was a check from the account of T & J Automotive with Comerica Bank when in fact the check contained the routing numbers for the Pflugerville Pastors Account with Comerica bank, a bank account of Immanuel Lutheran Church. |
| 22 | 2/17/2009 | Comerica Bank | Check #2779, in the amount of $953.25, falsely representing that it was a check from the account of T & J Automotive with Comerica Bank when in fact the check contained the routing numbers for the Pflugerville Pastors Account with Comerica bank, a bank account of Immanuel Lutheran Church. |

| 23 | 3/05/2010 | Bank of America | Check #1158, in the amount of $1,000.00, in the account name of Roshay L. Hocker, with Wachovia Bank, N.A. printed on the check, and said check contained false contact information and insufficient funds to cover the false representation or promise that the check was worth $1,000 and was from an open account, whereas said check was from an account that had been closed since 2007. |

All in violation of 18 United States Code, Sections 1344 and 2.

## COUNT TWENTY-FOUR
### (18 U.S.C. § 493)

On or about April 27, 2010, in the Western District of Texas, the defendant,

### ROSHAY L. HOCKER,

aiding and abetted by others, with intent to defraud, did falsely make, and counterfeit in its entirety an obligation, instrument and writing, that is counterfeit checks #9882 and #9883, both checks in the amount of $989.79, purportedly issued by Thomas Construction Inc, with the listed telephone number of 1-877-255-1534, from a listed bank account with Bank of America, a financial institution, the deposits of which were insured by the FDIC. All in violation of Title 18, United States Code, Section 493.

## COUNT TWENTY-FIVE
### (18 U.S.C. § 493)

On or about April 27, 2010, in the Western District of Texas, the defendant,

### ROSHAY L. HOCKER,

aiding and abetted by others, with intent to defraud, did falsely make, and counterfeit in its entirety

an obligation, instrument and writing, that is counterfeit checks #9880 and #9881, in the amount of

$1,359.80, purportedly issued by H&R Block Tax Service, with the listed telephone number of 1-

877-255-1534, from a listed bank account with Bank of America, an institution whose deposits are

insured by the Federal Deposit Insurance Corporation, acting under the laws of the United States.

All in violation of Title 18, United States Code, Section 493.

## COUNT TWENTY-SIX
### (18 U.S.C. §§ 513(b) and 2)

On or about April 27, 2010, in the Western District of Texas, the defendant,

### ROSHAY L. HOCKER,

aided and abetted by others known and unknown, did possess an implement designed for or

particularly suited for making a counterfeit or forged security with the intent that it be so used,

including one or more of the following: check stock paper, computer software for a check making

programs, and a practice copy of a counterfeit check #9879 in the amount of $25,000 with Bank of

America listed as the issuing bank, a financial institution with deposits insured by the Federal

Deposit Insurance Corporation.  All in violation of 18 United States Code, Sections 513(b) and 2.

## COUNT TWENTY-SEVEN
### (18 U.S.C. §§ 513(a) and 2)

On or about May 7, 2010, in the Western District of Texas, the defendant,

**ROSHAY L. HOCKER,**

aided and abetted by others known and unknown, did possess a counterfeit security of an organization, to wit check #9879, in the amount of $25,000, purportedly issued from The Greek Sportsbook, with a telephone number of 877-255-1534, from an account with Bank of America, and Bank of America is an organization that operates in or the activities of which affect interstate commerce, with intent to deceive another person or organization. All in violation of 18 United States Code, Sections 513(a) and 2.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE

### I.  Counterfeiting Violations

**(18 U.S.C. §§ 371, 513, and 493 and subject to forfeiture under 18 U.S.C. § 492)**

As a result of the foregoing criminal violations as set forth above, which are punishable by imprisonment for more than one year, the United States gives notice that it intends to forfeit, but is not limited to, the below listed property from **DEFENDANT ROSHAY L. HOCKER**.  Defendant shall forfeit all right title, and interest in said property to the United States pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 492, which states the following:

> **§ 492.  Forfeiture of counterfeit paraphernalia**
> [A]ny articles, devices, and other things made, possessed, or used in violation of this chapter . . . or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of the Treasury or other proper officer, shall be forfeited to the United States.

The property subject to forfeiture includes, but is not limited to, the following personal property:

    a.    One (1) Dell PCU Computer Model #DHS (Serial Number DGLL621);

    b.    One (1) Hewlett Packard Model #C3916A Laser Jet Printer (Serial Number JPHK016930); and

    c.    One (1) Hewlett Packard Model 9600 Desk Jet Printer (Serial Number MY2261D062).

A TRUE BILL:

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

JOHN E. MURPHY
United States Attorney

By:

ELIZABETH COTTINGHAM
Assistant U. S. Attorney